# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Filed March 18, 2005

No. 03-3087

UNITED STATES OF AMERICA,
APPELLEE

v.

ARNETT C. SMITH,
APPELLANT

---

On Petition for Rehearing

---

Before: ROGERS, GARLAND, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Appellant Arnett C. Smith petitions for rehearing of our decision affirming his sentence for conspiracy and conflict of interest. He contends that his sentence is unconstitutional under the Sixth Amendment in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Smith did not raise any Sixth Amendment claim when the sentence at issue was imposed by the district court, and accordingly our review is limited to plain error. Because Smith has not shown any prejudice he cannot satisfy the test for plain error, and we deny the petition. *See id.* at 769 (in applying *Booker*, "we expect reviewing courts

to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test").

At his initial sentencing, Smith did argue that enhancements and upward departures under the Federal Sentencing Guidelines violated his Sixth Amendment right to a jury trial. We vacated and remanded that sentence on other grounds not relevant here. *United States v. Smith*, 267 F.3d 1154 (D.C. Cir. 2001). At resentencing, Smith failed to raise the constitutional challenge anew, and we eventually affirmed his sentence. *United States v. Smith*, 374 F.3d 1240 (D.C. Cir. 2004). As it is this latter disposition that Smith now asks us to revisit, and as that disposition dealt only with the proceedings on remand, Smith's election not to re-raise the challenge below means that he has failed to preserve it for appellate review. Smith's alternate argument, that circuit precedent at the time of remand rendered any objection futile, lacks merit. *See Johnson v. United States*, 520 U.S. 461, 464 (1997) (intervening change in law no excuse for failure to object).

Accordingly, we review the sentence only for plain error. FED. R. CRIM. P. 52(b). Smith fails the plain error test because he cannot show that the constitutional error in this case had a prejudicial effect. *See United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2339 (2004). The district judge, on each of the prior two sentencings, imposed a sentence beyond what the Guidelines require. The first time, he departed upward and sentenced Smith to 46 months, adding that "I believe, in my view, that you deserve the sentence that will be imposed here." On remand, the judge was forced to impose a shorter sentence — 21 months — but again reached the figure by departing upward, even though the government had not requested an upward departure on resentencing.

*Booker*'s requirement that the sentencing judge appreciate that he is not bound by the Guidelines thus plainly cannot help Smith. Smith implicitly acknowledges this in the relief he seeks — resentencing with an instruction precluding the trial court from imposing a sentence higher than 21 months. He recognizes that giving the district judge wider latitude in this case could very well result in a longer sentence. Smith was not prejudiced by the impermissibly mandatory nature of the Guidelines; if anything, he benefitted from it.

The petition for rehearing is denied.